UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 3:06cv548(DJS) |
| | : | |
| DAVID DICKS, JR. | : | |

## MEMORANDUM OF DECISION AND ORDER OF DISMISSAL

Petitioner David Dicks ("Dicks"), proceeding pro se, petitions this court for "Sentence Modification-Relief from Remainder of Sentence or Sentence Reduction for 'Post-Offense Rehabilitation'" pursuant to 28 U.S.C. § 2255. This is a pro se petition, and as such, it is held to less stringent standards than those drafted by attorneys. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).

### Background

Dicks entered a plea of guilty on April 21, 1997, and on December 24, 1997, this court sentenced him to a term of imprisonment of seventy-seven (77) months, which was to run partially concurrently and then consecutively. The court ordered Dicks to begin serving the seventy-seven months on January 1, 2002 or upon release from his undischarged State of Connecticut sentence, whichever was earlier. In addition, the court recommended to the Bureau of Prisons ("BOP") that he "enter the 500 hour drug rehabilitation program while incarcerated." Subsequent to the imposition of his federal sentence, Dicks successfully completed several drug treatment programs while serving his Connecticut sentence. On March 3, 2006, Dicks was committed to F.C.I. Fairton, where he sought admission to the residential drug abuse program. The BOP determined that Dicks did not qualify for the program. Dicks does not challenge the

propriety of the BOP's decision, but rather asks the court for "[c]onsideration for reduction [in sentence] for completion of all Connecticut Dept. of Corrections Rehabilitative Programs & Co-facilitated them." (Dkt. # 1). To the extent that Dicks petitions this court to modify his sentence for his post-conviction rehabilitations efforts his petition fails.

**Post-Conviction Rehabilitation**

Dicks, who did not appeal his federal sentence, now seeks a reduction of his sentence for his post-conviction rehabilitative efforts. His petition is premised solely upon his post-conviction rehabilitative efforts. Post-conviction rehabilitation, however, does not provide an independent basis for relief under 28 U.S.C. § 2255. Cruz v. U.S., No.S1194CR 313(CSH), 2000 WL 1510079, at * 9 (S.D.N.Y. Oct. 10, 2000) (internal quotations and citations omitted). Indeed, the Second Circuit has held that "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano v. U.S., 83 F.3d 587, 589-90 (2d Cir. 1996) (internal quotations and citations omitted). "The fact that a defendant may have undergone considerable efforts to rehabilitate himself does not even arguably constitute a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice," Cruz v. U.S., 2000 WL 1510079, at * 9 (internal quotations and citations omitted). See also Lopez v. U.S., Nos. 98 CIV. 7969(JFK), 94CR466(JFK), 2000 WL 1229393, at *3 (S.D.N.Y. Aug. 29, 2000) (observing "federal courts have typically held that post-sentencing rehabilitation, standing alone, is not a valid basis for reducing a defendant's sentence."). Accordingly, Dicks's § 2255 petition

2

fails because Dicks is not requesting relief for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect that results in a complete miscarriage of justice.

In addition to relying on Section 2255, Dicks seeks "relief of any sort." (Dkt. # 1). The court, however lacks the authority to resentence Dicks under either 18 U.S.C.§ 3582 or Rule 35 of Federal Rules of Criminal Procedure ("Fed. R. Crim. P."). Section 3582 provides, in relevant part:

> b) Effect of finality of judgment.--Notwithstanding the fact that a sentence to imprisonment can subsequently be--
>
> (1) modified pursuant to the provisions of subsection (c);
> (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
> (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.
>
> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.§ 3582 .

First, as to subsection (b)(2), Fed. R. Crim. P. 35 only applies where the court within seven days after sentencing corrects an arithmetical, technical, or other clear error, or where the government moves within one year after sentencing for reduction due to the defendant's substantial assistance.  See  Fed. R. Crim. P. 35.  As none of these circumstances is present here, Fed. R. Crim. P. 35 does not apply.  Second, subsection (c)(1)(A) does not apply because Dicks, rather than the Bureau of Prisons, brought this motion to reduce sentence.  Subsection (c)(1)(B) is also inapplicable because modification of a sentence due to post-conviction rehabilitation efforts is not expressly provided for by statute, and Rule 35 does not apply to Dicks's petition.  Last, Dicks's request cannot overcome 18 U.S.C. § 3582(c)'s general rule that "a court may not modify a term of imprisonment once it has been imposed."  Quesada-Mosquera v. U.S., 243 F.3d 685, 687 (2d Cir. 2001),  cert. denied, 534 U.S. 872 (2001).  "Under 3582(c) . . . 'post-sentence rehabilitation is not by itself a ground for modifying a sentence that has been lawfully imposed."  Guerrero v. U.S., 151 F. Supp. 2d 446, 449 (S.D.N.Y. 2001); accord U.S. v. Barahon, 132 F. Supp. 2d 255, 255 (S.D.N.Y. 2001) (finding that "....the general rule of 18 U.S.C. § 3582(c)

applies, and post-sentence rehabilitation is not by itself a ground for modifying a sentence that has been lawfully imposed."). Accordingly, the court is prohibited by statute from modifying Dicks's sentence due to his post-conviction rehabilitation efforts.

In addition, the court observes that Section 5K2.19 of the U.S. Sentencing Guidelines ("U.S.S.G.") prohibits a departure premised upon post-sentencing rehabilitation efforts.[1] Section 5K2.19 provides in relevant part: "Post-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense." U.S.S.G. § 5K2.19. Moreover, since the enactment of Section 5K2.19, the Second Circuit has ruled that "no one may have post-sentencing rehabilitation considered upon resentencing." Quesada-Mosquera v. U.S., 243 F.3d 385, 686-87 (2d Cir. 2001), cert. denied, 534 U.S. 872 (2001); United States v. Quintieri, 306 F.3d 1217, 1235 (2d Cir.2002) ("argument that the district court failed to consider his motion for a downward departure based on post-sentencing rehabilitation is without merit"), cert. denied, 539 U.S. 902 (2003). Thus, although Dicks's post-conviction rehabilitation efforts are commendable, the court has no authority to reduce his sentence based on such grounds.

---

[1] Section 5K2.19 became effective November 1, 2000. Prior to the enactment of this section, courts in the Second Circuit found post-conviction rehabilitation "to be a legally permissible ground for a downward departure." Bruno v. U.S., 97CIV.2018(RJW), S291CR.49(RJW), 2000 WL 1051850, at * 3 (S.D.N.Y. July 31, 2000). Such departures, however, were "only [] sanctioned where the defendant [wa]s before the court for sentencing or re-sentencing." Id. "There [wa]s nothing in the statute or in the case law to suggest that the court may depart based on such grounds once a sentence has been lawfully imposed and is no longer subject to direct appeal." Id. Dicks never appealed his sentence. Thus, even under the prior regime, Dicks's petition fails because he seeks resentencing in a Section 2255 proceeding, rather than resentencing following the vacation of an invalid conviction or illegal sentence.

## CONCLUSION

For the reasons stated above Dicks's Section 2255 petition is **DISMISSED**. The Clerk of the Court shall close this case. The court further declines to issue a certificate of appealability. A certificate of appealability may only issue if the applicant has made a substantial showing of he denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); cf. Miller-El v. Cockrell, 537 U.S. 322, 336, (2003); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir.2000). Petitioner may make such a showing by demonstrating "(1) that the issues are debatable among jurists of reason; (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further." Wright v. United States, No. 01 Civ.443, No. 97 Cr. 228, 2002 WL 32086478, at *1 (D.Conn. Nov. 1, 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000). Dicks has not made a substantial showing of a denial of a constitutional right; therefore, appellate review is not warranted.

**SO ORDERED** at Hartford, Connecticut, this __23rd____ day of May, 2006.

                                                           /s/DJS
                                          **DOMINIC J. SQUATRITO**
                                     **UNITED STATES DISTRICT JUDGE**